UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KATHLEEN J. CAHILL, | ) | |
| | ) | |
| Plaintiff, | ) | No.   19-cv-4313 |
| v. | ) | |
| | ) | JURY DEMANDED |
| | ) | |
| CHICAGO PARK DISTRICT, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, KATHLEEN J. CAHILL, by counsel, Moor Law Office, P.C., complaining of the CHICAGO PARK DISTRICT ("Park District"), states as follows for her Complaint at Law:

### COUNT I – Title VII Sex Discrimination

1.   This is an action for employment discrimination brought to secure relief, legal and equitable, for discrimination based on sex, brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.C.S. § 2000e *et seq.* ("Title VII").  The jurisdiction of this Court is invoked to secure protection of, and to redress deprivation of, rights guaranteed by federal law, which rights provide for injunctive and compensatory relief for illegal discrimination in employment.

### Jurisdiction and Venue

2.   Jurisdiction over this case is conferred on the Court by 42 U.S.C. § 2000e-5(f), and 28 U.S.C. § 1331.

3.   Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in the District and the unlawful employment practices alleged herein were committed in the District.

4. On September 27, 2018, Plaintiff filed a charge of discrimination with the Illinois Department of Human Rights, which was cross filed with the Equal Employment Opportunity Commission ("EEOC"), under Charge No. 440-2019-00039. The charge alleged sexual discrimination against the Chicago Park District. The Charge sought compensatory and injunctive relief.

5. On April 1, 2019, the EEOC closed its investigation and issued Plaintiff her right to sue letter.

6. Plaintiff files this civil suit within 90 days of her receipt of the notice from the EEOC of her right to sue.

**Parties**

7. Plaintiff Kathleen J. Cahill ("Plaintiff") currently resides, and at all relevant times alleged herein resided, in the City of Chicago. Plaintiff is an adult female. Plaintiff at all relevant times was an "employee" within the meaning of Title VII, 42 U.S.C. § 2000(e) (f), having been employed by Defendant between May 13, 2010 and the present.

8. The Chicago Park District is a corporate entity created by state statute, 70 ILCS 1505/0.01 *et seq*, authorized to do business in Illinois, and which does business in this District. It is an "employer" within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(b) because at all relevant times it engaged in activities affecting commerce and employed over 15 people.

**General Allegations**

9. Plaintiff first worked at Lincoln Park Conservatory and Lake Shore Park, owned and operated by the Chicago Park District, as a horticulture volunteer in 2009.

10. While working as a volunteer, Plaintiff was hired to work as a seasonal floriculturist in May 13, 2010 by the Defendant at the Garfield Park Conservatory.

11. On September 30, 2010 the Plaintiff was promoted to apprentice floriculturist, and held this position till January 25, 2012.

12. The relevant hierarchy of jobs at the Park District Conservatories are a) seasonal floricultural worker; b) apprentice floriculturist; c) class 2 floriculturist; d) class 1 floriculturist; and e) floriculturist foreman.

13. On January 25, 2012, Plaintiff was promoted to Class 2 floriculturist, and has held this position until the present.

14. In March 2010, Victor Amo began working as a horticulture volunteer at the Garfield Park Conservatory.

15. Plaintiff, who supervised Amo as a volunteer, later assisted him in his successful effort to be hired as a seasonal floriculturist in 2012.

16. From 2013 to 2016 the Plaintiff applied for and was overlooked for positions posted by the Defendant.

17. On January 11, 2018 the Plaintiff applied for the position of Class 1 floriculturist, and submitted to interview for the opening on May 16, 2018.

18. The Plaintiff was not promoted. Instead a lesser qualified male, Amo, who had been promoted to an apprentice floriculturist on November 7, 2013, and thereafter to a Class 2 floriculturist, was promoted in June 2018 to the Class 1 floriculturist opening.

19. The Plaintiff is still a Class 2 floriculturist despite having more horticultural and educational experience, certification and licensing than Victor Amo.

20. Victor Amo was promoted because he is male.

21. The Plaintiff was not promoted in June 2018 because she is a female.

22. At all relevant times prior to and including June 2018, the Plaintiff performed her job in a manner that met and exceeded the expectations of the Chicago Park District.

23. The Park District has violated and is violating Title VII by failing hire and promote women on the same basis that it hires and promotes men.

24. The discrimination against the Plaintiff is long standing. One past example involves Gabe Jenkins, who was placed into a Class 1 Floriculturist position on a "temporary" basis and then promoted into the position on a full-time basis in October 2014 over the Plaintiff, who was more qualified than Jenkins for the position. After benefiting from this gender discrimination, Jenkins was again promoted over the Plaintiff in March 2016 into a Foreman position.

25. The failure of the Park District to hire and promote women on an equal basis with men is a policy, custom and practice. Many women, including, but not limited to, Linda Allen, for instance, who worked for thirteen years as an Apprentice before her application to be promoted to a Class 2 floriculturist at the Garfield Park Conservatory was approved. Sally Ann Wheeler worked as an Apprentice for eight years before her application to be promoted to a Class 2 floriculturist was approved. Maria Ramirez was an Apprentice for approximately ten years before her application to be promoted to a Class 2 floriculturist was approved. Cynthia Luvert worked as a seasonal floriculturist for seven years and was only hired as an Apprentice floriculturist after she filed a union grievance. Similarly, Adrianne Saint Eve was held back as an Apprentice floriculturist while less qualified men were promoted over her.

26. The Park District's conduct is unreasonable, and alternatively was willful and wanton or intentional.

27. As a proximate result of the Park District's illegal indifference to her federally protected rights, Plaintiff has suffered anxiety, emotional distress, damage to her reputation, loss of income, and loss of enjoyment of the ordinary pleasures of life.

WHEREFORE, KATHLEEN J. CAHILL, by counsel, respectfully prays that this Court provide the following remedies:

a. Award Plaintiff lost wages, including back pay, front pay, and lost fringe benefits, including, without limitation, any lost benefits with applicable prejudgment and statutory interest;

b. Promote the Plaintiff to a Class 1 floriculturist, with backpay;

c. Enjoin Defendant from discriminating against women by refusing to promote them equally with men;

d. Award Plaintiff the costs of litigation, including reasonable attorney's fees, expert fees and expenses;

e. Award compensatory damages;

f. Award punitive damages; and

g. Award any other relief that this Court deems just.

Plaintiff demands trial by jury.

/s/ Edward R. Moor
Attorney for Plaintiff

Edward R. Moor, ARDC# 6205169
Moor Law Office, P.C.
One N. LaSalle Street, Suite 600
Chicago, Illinois 60602
312-726-6207
erm@moorlaw.net

*Attorney for Plaintiff*